UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| PETER O. SAMPLES, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 6:18-CV-111-HAI |
| v. | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| PATTI PAYNE, | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers Defendant Patti Payne's motion for summary judgment. D.E. 32. Plaintiff Peter Samples has responded in opposition. D.E. 34. No timely reply brief was filed.

On April 9, 2018, Plaintiff brought this *pro se* lawsuit in federal court against four defendants. D.E. 1. The lawsuit concerns the Saint Camillus Academy Alumni Association ("SCAAA"), an organization that was formed in 1914 and incorporated in Kentucky in 2000 as a 501(c)(3) nonprofit organization. *See* D.E. 34 at 5. Plaintiff was elected president in 1998 and retained that position until the election of October 21, 2017. D.E. 32-2 at 11. Bob Watkins, one of the original named defendants, was elected during the meeting on October 21, 2017, replacing Plaintiff as president. *Id*. at 21.

Plaintiff alleged in the original complaint that the 2017 election was part of "a conspiracy to commit theft and misappropriation of corporate investments." D.E. 1 at 2. In other words, Plaintiff alleges defendants plotted to take over the SCAAA by electing Watkins president so they could gain control of the SCAAA's assets. However, Plaintiff testified at his deposition that he had no evidence any SCAAA funds were misappropriated or even removed from their accounts. D.E. 32-2 at 27.

According to the Complaint, the election violated "the procedures set forth in the SCAAA's Articles of Incorporation, By-laws as Revised July 14, 2014, and Roberts Rules of Order." D.E. 1 at 2. The original named defendants included three Kentucky residents (including Watkins) and Patti Payne of St. Petersburg, Florida. *Id*. at 1. The Complaint requested injunctive relief (*id*. at 3-4), which was denied (D.E. 7). The Civil Cover Sheet requests $300,000 in damages. D.E. 1-2. The Complaint indicated the SCAAA possessed approximately $146,000 in financial investments. D.E. 1 at 2. And the Complaint requested unspecified punitive damages. *Id*. at 4. The Complaint did not clearly articulate the legal theory upon which the lawsuit was based.

On April 10, District Judge Reeves considered whether Plaintiff's Complaint properly invoked federal jurisdiction under 28 U.S.C. § 1332. D.E. 7. Judge Reeves found that the amount-in-controversy requirement was satisfied. *Id*. at 1. But the case lacked "complete diversity" because three of the four defendants were Kentucky residents. *Id*. at 1-2.

In response, on April 27, Plaintiff moved to amend the Complaint to include only Florida citizen Patti Payne as defendant. D.E. 11. Plaintiff alleged Payne was the initiator and orchestrator of "the take-over" of the SCAAA. *Id*. at 1. Plaintiff requested $150,000 in punitive damages

> for the public embarrassment, humiliation, and mental anguish caused by her actions in the interference of and creating a breach of the contractual relationship between him and the SCAAA, for usurping his authority as stipulated within the SCAAA's Articles of Incorporation, By-laws as Revised July 19, 2014, and Robert Rules of Order, and prohibiting him from exercising the commitment he made to the SCAAA in his Oath of Office.

*Id*. at 4; D.E. 14 at 6. The motion to amend was granted (D.E. 12) and Plaintiff filed an Amended Complaint, which became the operative complaint in this case. D.E. 14. The

2

Amended Complaint alleges that Payne "has continuously interfered with [Plaintiff's] contractual obligations" and has conspired with others to do so. *Id*. at 5. Plaintiff also testified at his deposition that this lawsuit includes a single legal claim, *i.e.*, intentional interference with contractual relations. D.E. 32-2 at 28.

After Payne answered the Complaint, Judge Reeves ordered a Rule 26(f) planning meeting and report. D.E. 17. The parties consented to referral to a Magistrate Judge, and on June 15, 2018, the case was assigned to the undersigned for all purposes, including trial and judgment. D.E. 18, 19.

On May 30, 2019, Defendant Payne filed the motion for summary judgment now under consideration. D.E. 32. Plaintiff responded in opposition. D.E. 34. No timely reply was filed. Payne argues that, although Plaintiff raises a claim of intentional interference with contractual relations, "he cannot prove a contract ever existed" between himself and the SCAAA. D.E. 32-1 at 1.

### Legal Standards for Summary Judgment

The Court recognizes that Plaintiff is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* filings more leniently than filings prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must assume the truth of the non-moving party's evidence, and draw all inferences in a light most favorable to the non-moving party (here, Plaintiff). *Mullins v. Cyranek*, 805 F.3d 760, 765

(6th Cir. 2015); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If there is sufficient evidence for a trier of fact to find for the non-moving party, a genuine dispute of material fact exists and summary judgment may not issue. *Mullins*, 805 F.3d at 765. "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52).

"Evidence, not contentions, avoids summary judgment." *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1036 (8th Cir. 2005). A party's briefs or statements of counsel are not evidence. *Bennett v. Louisville Metro Gov't*, 616 F. App'x 820, 823 (6th Cir. 2015). "A dispute is 'genuine' only if based on *evidence* upon which a reasonable jury could return a verdict in favor of the non-moving party." *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131-32 (6th Cir. 2014) (quoting *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009).

Parties moving for summary judgment are not required to put forth affirmative evidence to negate the existence of elements required by the non-moving party's claim. *Id.* at 324. It is sufficient for a moving party to merely state that there is an absence of evidence supporting the non-moving party's claim. *Id.* Once this is done, it then becomes the responsibility of the non-moving party to provide evidence which establishes an actual issue for trial. *See Employers Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson*, 477 U.S. at 251.

## Legal Standards for Intentional Interference with Contractual Relations

Kentucky has recognized the tort of intentional interference with contractual relations ("IICR"), and adopted the elements described in Restatement (Second) of Torts § 766. *Atmos Energy Corp. v. Honeycutt*, No. 2011-CA-601-MR, 2013 WL 285397, at *17 (Ky. Ct. App. Jan. 25, 2013).

> [T]o recover under this specific theory, [the plaintiff] must prove the following elements: (1) the existence of a contract; (2) Defendants' knowledge of this contract; (3) that it intended to cause its breach; (4) its conduct caused the breach; (5) this breach resulted in damages to [the plaintiff]; and (6) Defendant had no privilege or justification to excuse its conduct.
>
> At a minimum, to be actionable, [the plaintiff] must show that a contract existed between it and a third party followed by a breach by the third party.

*Id*.

## Analysis – IICR

Payne argues that Plaintiff cannot prove the elements of IICR because "he cannot prove a contract ever existed" between himself and the SCAAA. D.E. 32-1 at 1.

"The fundamental elements of a valid contract are 'offer and acceptance, full and complete terms, and consideration.' For the terms to be considered complete they must be 'definite and certain' and must set forth the "promises of performance to be rendered by each party." *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013) (citations omitted). "Mutuality of obligations is an essential element of a contract, and if one party is not bound, neither is bound." *Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997). "Additionally, under Kentucky law the terms of a contract must be sufficiently complete and definite to enable the court to determine the measure of damages in the event of breach." *Id*.

5

Plaintiff argues that the combined effect of the bylaws, the addendum to the bylaws, and his oath of office created a contract between himself and the SCAAA. D.E. 34 at 6-7; *see also* D.E. 32-2 at 28. Further, the addendum creates a power of attorney for the president, who is to be given a salary in that capacity. D.E. 34 at 7. Plaintiff states he has never taken a salary or received any income from the SCAAA. *Id.*, D.E. 32-2 at 30. He appears to argue that, had he started taken a salary upon reelection, he would be owed over $60,000. *Id.*

Payne has successfully pointed to the absence of evidence that a contract existed between Plaintiff and the SCAAA. As Payne points out, the bylaws are simply "rules voted upon and approved by its members to regulate the alumni association." D.E. 32-1 at 5. The SCAAA has "no obligations under the bylaws." The bylaws therefore cannot be enforced as a contract because they lack mutuality of obligations. *Id*. Payne additionally argues that, even if the bylaws were read as a contract, its terms are not sufficiently definite to determine the measure of damages in the event of a breach. *Id*. Having studied the bylaws and related documents submitted by Plaintiff (*See* D.E. 34-1), the Court agrees with Payne and Plaintiff has not identified evidence to the contrary.

Plaintiff cannot establish an IICR claim because he has not proven the existence of a contract. None of the relevant facts here are disputed because the relevant documents are part of the record and they speak for themselves. There is no mutuality of obligation and no mechanism for calculation of damages. Plaintiff never had a contractual relationship with the SCAAA. On the IICR claim, Payne is entitled to judgment as a matter of law.

## Civil Conspiracy

The Amended Complaint can be read to state a claim of civil conspiracy. D.E. 14 at 2, 5. Because the Court is giving the *pro se* plaintiff every benefit of the doubt, this claim will also be addressed.

> To prevail on a claim of civil conspiracy, the proponent must show "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Peoples Bank of Northern Kentucky, Inc. v. Crowe Chizek and Co. LLC*, 277 S.W.3d 255, 261 (Ky. App. 2008) (quoting *Smith v. Board of Education of Ludlow*, 264 Ky. 150, 94 S.W.2d 321, 325 (1936)).
>
> The burden of proving conspiracy is inherently difficult and requires that the party alleging the conspiracy prove every element of the claim to prevail. [*James v. Wilson*, 95 S.W.3d 875, 896 (Ky. Ct. App. 2002)].

*Mosley v. Arch Specialty Fire Ins. Co.*, No. 2017-CA-1252-MR, 2018 WL 4649846, at *10-11 (Ky. Ct. App. Sept. 28, 2018). "[B]efore a conspiracy can be found, a 'necessary allegation is that the damage . . . resulted from some overt act done pursuant to or in furtherance of the conspiracy.'" *Id.* (quoting *Davenport's Adm'x v. Crummies Creek Coal Co.*, 184 S.W.2d 887, 888 (1945)).

Here, the unlawful act that forms the basis of the conspiracy claim is the conspirators' alleged interference with Plaintiff's contractual relations. As discussed, Plaintiff has not established contractual relations between himself and the SCAAA. Therefore, his conspiracy claim, which depends upon the underlying contractual interference claim, fails. As a matter of law, Plaintiff has not stated a valid claim of civil conspiracy.

## Conclusion

For the reasons discussed above, **IT IS HEREBY ORDERED THAT:**

(1) Defendant's motion for summary judgment (D.E. 32) is **GRANTED.**

(2) Each party shall bear its own costs and fees.

(3) In light of this Order, all previously established pending deadlines and previously scheduled hearings (including the pretrial filing deadline, the pretrial conference, and the jury trial) are **VACATED.**

This the 29th day of July, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge